The Honorable Keith M. Ingram State Representative Post Office Box 1028 West Memphis, Arkansas 72303-1028
Dear Representative Ingram:
I am writing in response to your request for an opinion on whether the Arkansas Teacher Retirement System ("ATRS") is exempt from paying property taxes on the following:
 a) Property it owns and uses for administrative purposes;
 b) Property it owns and leases out, with any eye toward profit, for commercial business use by the lessees; and
 c) Property it owns and leases out, with any eye toward profit, for residential use?
RESPONSE
I must respectfully decline to issue an opinion on these questions as it is my understanding that private counsel has been retained and that these tax exemption issues are the subject of litigation pending in several county courts. See Charlie Frago, "Teacher system files property tax objections" (Arkansas Democrat-Gazette, July 22, 2009.) In recognition of the judiciary's independent constitutional role, it has long been the policy of the Attorney General, as an office in the executive branch of government, to refrain from rendering opinions on matters that are pending before the courts for determination. See,e.g., Op. Att'y Gen. 2008-034 (and opinions cited therein). Any opinion issued from my office would constitute executive comment on matters that are properly before a judicial body. *Page 2 
In addition, I must note that a definitive answer to these questions will involve factual determinations that I am in any event unable and unauthorized to make. The authority to approve or disapprove a particular tax exemption has not been vested in this office. Rather, such authority is vested in the first instance in the local tax assessor, see A.C.A. § 26-26-1001, subject to review as provided by law. A.C.A. §§ 26-27-317 and-318. The assessor must decide, on a case-by-case basis following a review of all pertinent facts, whether the property in question is "public property used exclusively for public purposes[,]" (Ark. Const. art. 16, § 5), and thus exempt from ad valorem taxation. Accordingly, questions regarding the tax-exempt status of particular property cannot be addressed in the hypothetical. Rather, all of the surrounding facts and circumstances must be examined in order to identify the exact nature, extent and usage of the particular property.See generally Hilger v. Harding College, 231 Ark. 686, 689, 331 S.W.2d 851 (1960).
In an effort to be helpful, however, I will note that this office has previously set out some general law in this area that you may wish to review. See, e.g., Op. Att'y Gen. 2003-139. This opinion and other opinions in this area are searchable on the Office of Attorney General website: http://www.arkansasag.gov/opinions/.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General